

**NUMBERS 13-09-00337-CR**
**13-09-00338-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PATRICK HUGHES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam

Appellant, Patrick Hughes, attempted to perfect appeals from a conviction for possession of cocaine and tampering with or fabricating physical evidence. We dismiss the appeals for want of jurisdiction.

The trial court imposed sentences in these matters on March 20, 2009. Appellant filed notices of appeal on May 19, 2009. On October 15, 2009, the Clerk of this Court notified appellant that it appeared that the appeals were not timely perfected and that the appeals would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant did not file a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before April 20, 2009. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file his notice of appeal until May 19, 2009.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of

jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeals are DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of January, 2010.